## ATTERBURY BROS. *v.* UNITED STATES (No. 2819)[1]

MARKING—LABELING—NEWSPRINT PAPER.

Newsprint paper in rolls weighing about 200 pounds apiece, each roll packed in a wooden case, was imported. Each case was required by the collector to be marked with the name of the country of origin and an additional duty assessed against the same under section 304 of the Tariff Act of 1922. They were delivered by the collector to importers without requiring the rolls to be marked while in customs custody. Importers protested and introduced evidence before the Board of United States General Appraisers, now the United States Customs Court, tending to show that the rolls were incapable of being marked without injury by stamping or printing thereon the words necessary to indicate the country of origin, but introduced no testimony tending to show that they could not be labeled without injury so as to accomplish that result. *Held*, under this state of facts that the judgment below that the importers had not proved that the rolls could not be marked as required by law, could not be reversed as contrary to the evidence, or not supported by the weight thereof.

### United States Court of Customs Appeals, March 9, 1927

APPEAL from United States Customs Court, Abstract 95

[Affirmed.]

*Allan R. Brown* for appellants.

*Charles D. Lawrence*, Assistant Attorney General (*Oscar Igstaedier* and *Marcus Higginbotham*, special attorneys, of counsel), for the United States.

[Oral argument January 26, 1927, by Mr. Brown and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

The importation here is newsprint paper in rolls weighing approximately 200 pounds. Each roll was packed in a slatted wooden case, the slats being fastened to the wooden case ends, so that there was a space of about an eighth of an inch between the slats. The rolls of paper within the case were wrapped either at the ends or their entire length with waterproof kraft paper. Neither the cases nor the rolls of

---

[1] T. D. 42056.

paper were marked in any manner to indicate the country of origin. As a prerequisite to their delivery the collector required the importers to mark, and they did mark, on each case, "Made in Norway." There is no dispute that the rolls of paper are the articles imported.

The collector assessed a duty of 10 per centum on the appraised value of the importation under section 304 of the Tariff Act of 1922. Importers protested. The Board of General Appraisers, now the United States Customs Court, overruled the protest and the case is here on importers' appeal. The relevant provisions of the section are as follows:

SEC. 304. (a) That every article imported into the United States, which is capable of being marked, stamped, branded, or labeled, without injury, at the time of its manufacture or production, shall be marked, stamped, branded, or labeled, in legible English words, in a conspicuous place that shall not be covered or obscured by any subsequent attachments or arrangements, so as to indicate the country of origin. Said marking, stamping, branding, or labeling shall be as nearly indelible and permanent as the nature of the article will permit. Any such article held in customs custody shall not be delivered until so marked, stamped, branded, or labeled, and until every such article of the importation which shall have been released from customs custody not so marked, stamped, branded, or labeled, shall be marked, stamped, branded, or labeled, in accordance with such rules and regulations as the Secretary of the Treasury may prescribe. Unless the article is exported under customs supervision, there shall be levied, collected, and paid upon every such article which at the time of importation is not so marked, stamped, branded, or labeled, in addition to the regular duty imposed by law on such article, a duty of 10 per centum of the appraised value thereof, or if such article is free of duty there shall be levied, collected, and paid upon such article a duty of 10 per centum of the appraised value thereof.

At the hearing before the board importers introduced a witness who testified that it would not be possible to indelibly and permanently mark these rolls of paper so as to show the country of origin without injuring or destroying for printing purposes some part of the paper itself; explaining why this was so he said, in substance, that if the words "Made in Norway" were stamped or printed on the end of the paper constituting the roll, it would destroy, for the purpose for which it was to be used, some part of the paper, would interfere with its sale to newspaper houses because they would have to stop and tear off a piece from each roll before feeding it into the press, thereby not only wasting the paper but taking more time to utilize it than would be required if the paper were not so marked, with the result that importers would be deprived to some extent of a market for the paper. He did not testify as to whether or not the rolls could be labeled in the manner provided by the statute without injury thereto.

Upon this evidence the court below held in substance that importers had not proved that these rolls could not be marked, as required by law. In effect importers ask us to reverse the finding of the

board as contrary to the weight of evidence, although the claim is not put in that language. In order to do this it must appear either that the finding below was contrary to the evidence or was not supported by the weight of the evidence, a rule so often recognized in this court that it is unnecessary to cite authorities.

It will be observed that section 304 provides that the merchandise, if capable thereof, without injury, shall be marked, stamped, branded, or *labeled* in legible English words, in a conspicuous place, so as to indicate the country of origin and provides that such marking, stamping, branding, or labeling shall be as nearly indelible and permanent as the nature of the article will permit. It also provides that the article shall not be delivered until it is so marked, stamped, branded, or labeled and until every article of the importation which has been released from customs custody has been likewise so treated.

It is somewhat argued that, because the collector delivered the rolls of paper without compelling them, while in customs custody, to be marked as provided in the statute, some presumption arises that he found they were not capable thereof, but we think that any such presumption arising therefrom was rebutted by the fact that he actually assessed the duty provided in the section. In addition to this the importer has, as he was required, undertaken to show that the merchandise was incapable of receiving the statutory marking.

The real question as suggested, therefore, is whether the evidence offered by importers required the board to sustain the protest. We think it established that the surface of the paper constituting the roll could not be marked, stamped, or branded with the words "Made in Norway" without injury thereto.

The board, without at all discussing the matter, held that the evidence did not establish that the rolls could not be marked to comply with the law, expressing the opinion that they could be so marked in some of the ways thereby required, without suggesting how.

It is unnecessary for us to consider this matter further than to point out that one method of marking merchandise provided in the statute is by means of a label. Importers offered no evidence as to whether or not it could be marked in that way.

A label may be a band or other device containing language describing the article to which it is attached, and no reason appears why one could not have been placed on, or attached to, these rolls of paper without damage thereto, on which in English language could be indicated the country of origin.

There being no proof tending to show that these rolls of paper could not have been labeled so as to comply with the statute, we can not say the board erred in its conclusion either as to a question of fact or of law.

The judgment below is *affirmed.*