282

BURSTEIN & SUSSMAN *v.* UNITED STATES (No. 3032[1])

United States Court of Customs Appeals, June 11, 1928

*Brooks & Brooks (Ernest F. A. Place* of counsel) for appellants.
*Charles D. Lawrence,* Assistant Attorney General (*Marcus Higginbotham* and
*Oscar Igstaedter,* special attorneys, of counsel), for the United States.

[Oral argument April 13, 1928, by Mr. Place and Mr. Igstaedter]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD,
Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs
Court overruling a protest against the assessment of an additional
duty of 10 per centum ad valorem under the provisions of section 304
(a) of the Tariff Act of 1922, which reads as follows:

SEC. 304. (a) That every article imported into the United States, which is
capable of being marked, stamped, branded, or labeled, without injury, at the
time of its manufacture or production, shall be marked, stamped, branded, or
labeled, in legible English words, in a conspicuous place that shall not be covered
or obscured by any subsequent attachments or arrangements, so as to indicate
the country of origin. Said marking, stamping, branding, or labeling shall be
as nearly indelible and permanent as the nature of the article will permit. Any
such article held in customs custody shall not be delivered until so marked,
stamped, branded, or labeled, and until every such article of the importation
which shall have been released from customs custody not so marked, stamped,
branded, or labeled, shall be marked, stamped, branded, or labeled, in accord-
ance with such rules and regulations as the Secretary of the Treasury may pre-
scribe. Unless the article is exported under customs supervision, there shall be

---

[1] T. D. 42871.

levied, collected, and paid upon every such article which at the time. of importation is not so marked, stamped, branded, or labeled, in addition to the regular duty imposed by law on such article, a duty ·of 10 per centum of the appraised value thereof, or if such article is free of duty there shall be levied, collected, and paid upon such article a duty of 10 per centum of the appraised value thereof.

Every package containing any imported article, or articles, shall be marked, .stamped, branded, or labeled, in legible English words, so as to indicate clearly the country of origin. Any such package held in customs custody shall not be ·delivered unless so marked, stamped, branded, or labeled, and until every package of the importation which shall have been released from customs custody not so marked, stamped, branded, or labeled shall be marked, stamped, branded, ·or labeled in accordance with such rules and regulations as the Secretary of the Treasury may prescribe.

The Secretary of the Treasury shall prescribe the necessary rules and regulations to carry out the foregoing provisions.

The case of *Burstein & Sussman* v. *United States*, 14 Ct. Cust. Appls. 255, T. D. 41877, decided by this court, involved the same parties, the same kind of merchandise, and the same record. Action upon the protest herein involved was suspended, in the court below, until after the decision of this court in the above case.

In the *Burstein & Sussman* case, *supra*, the protest was grounded upon the premise that the article was not capable of being marked without injury at the time of its manufacture or production. The merchandise involved consisted of sanitary napkins. The collector, in that case, as in the instant case, having had a report from the appraiser that the goods were not legally marked, did not require the importer to mark or label the individual napkins, but delivered the goods to the importer without such marking. The blue pasteboard packages containing the napkins were stamped with the words "Made in Germany." Because of the blue background, the marking could not be readily seen and the collector required the importer to re-mark the pasteboard containers in a more conspicuous manner.

The case at bar was submitted upon the following stipulation of counsel:

It is hereby stipulated and agreed that the merchandise in the above-entitled protests are the same in all material respects as the merchandise in suit number 2597 (*Burstein & Sussman* v. *United States*, 14 Ct. Cust. Appls., T. D. 41877).

It is further stipulated and agreed that the record in suit number 2597 be incorporated and made part of this record.

Protests are submitted.

This court, in examining the evidence in the *Burstein & Sussman* case, *supra*, decided that it did not show that the article, the individual napkin, could or could not be marked, and the case was treated as if there was no proof whatever, and we there held as follows:

The collector did not require the importer to mark or label the napkins, and he delivered the goods to the importer without such marking. We must, therefore, presume that they were not capable of being marked, stamped, branded, or

labeled without injury. To hold otherwise would mean that the collector failed to perform the duty imposed upon him by law. The marking ordered by the collector was an official determination by him that the napkins themselves could not be marked without injury and as the presumption of correctness attaching to that decision had not been overcome, it must be held that the napkins themselves were not capable of being marked, stamped, branded, or labeled, as prescribed by section 304 (a). *Bradford* v. *American Lithographic Co.*, 12 Ct. Cust. Appls. 318, 323; *United States* v. *Martorelli*, 12 Ct. Cust. Appls. 327, 331.

\* \* \* \* \* \* \*

Packages containing imported articles must be marked, stamped, branded, or labeled in such a way as to clearly indicate the country of origin; but if they are not so marked, they are not subject to the 10 per centum additional duty imposed by the statute for failure to mark articles which are capable of being marked without injury. *United States* v. *Martorelli, supra,* at page 331; *Hobe Button Co.* v. *United States,* 12 Ct. Cust. Appls. 341, 346. As the packages containing the napkins were re-marked by order of the collector before delivery to the importer, and as the napkins themselves were not capable of being marked without injury, the protest should have been sustained.

In the instant case the United States Customs Court had before it our decision in the case of *Burstein & Sussman, supra,* but held that the same was overruled by *Atterbury Bros.* v. *United States,* 14 Ct. Cust. Appls. 416, T. D. 42056.

Since our decisions in those cases, this court has again had occasion to consider entire question, and in *United States* v. *American Sponge & Chamois Co.,* 16 Ct. Cust. Appls. 61, T. D. 42731, reaffirmed the decision in the *Burstein & Sussman* case, and rejected that portion of the decision in the *Atterbury Bros.* case, which was in apparent conflict therewith.

In *United States* v. *American Sponge & Chamois Co.* case, this court again held that where the collector required *packages* containing imported articles—sponges—to be marked so as to indicate the country of origin, but did not require the sponges to be marked, stamped, branded, or labeled, it would be presumed that he found that the sponges were incapable of being marked, stamped, branded, or labeled, without injury, at the time of their production.

Of course, we did not mean to be understood as holding that a mere delivery of merchandise to an importer, *prior to its classification and liquidation,* would raise a presumption that it could not be marked, stamped, branded, or labeled. The language of section 304 (a) plainly indicates that the Congress did not intend to prevent the delivery of merchandise prior to classification and liquidation, as provided for elsewhere in the Tariff Act of 1922. We quote from section 304 (a):

SEC. 304. (a) \* \* \* Any such article held in customs custody shall not be delivered until so marked, stamped, branded, or labeled, *and until every such article of the importation which shall have been released from customs custody not so marked, stamped, branded, or labeled, shall be marked,* stamped, branded, or labeled. \* \* \*

\* \* \* Any such package held in customs custody shall not be delivered unless so marked, stamped, branded, or labeled, and until every package of the importation *which shall have been released from customs custody* not so marked, stamped, branded, or labeled \* \* \*. (Italics ours.)

Nor did we intend to be understood as holding that such a presumption existed in a case where the collector reliquidated an entry, reversed his former decision, and held that the *article* of importation was capable of being marked without injury. However, no one contends, and there is nothing in this record to indicate that, after the delivery of the merchandise to importers, the collector reliquidated the entry, and assessed the merchandise with an additional duty of 10 per centum ad valorem.

If, after liquidation of the entry and the release of the articles held in customs custody, the collector, within the period of time allowed by law, had changed his decision and found that the *articles* of importation, as distinguished from the packages in which they were contained, were capable of being marked, stamped, branded, or labeled, without injury, at the time of their production, and had reliquidated accordingly, a different question would be presented.

Under the decisions of this court and the Supreme Court of the United States the case of *Burstein & Sussman, supra,* is not *res adjudicata* of the issues in the case at bar, although it involved the same record, the same kind of merchandise, and the same parties. The importation in the case at bar is a different importation from the one involved in the trial of the issues in the former case. *United States* v. *Stone & Downer Co. et al.,* 12 Ct. Cust. Appls. 557, T. D. 40784; 274 U. S. 225.

We know of no situation, however, which calls more forcibly for the application of the maxim of stare decisis, et non quieta movere. We are fully cognizant of the limitations placed upon this maxim in giving it controlling force in the decision of cases by the courts of the country, but if the rule is to be given any force whatever and is to be regarded as controlling in the decision of any kind of case, it certainly ought to be observed and followed here, and we so hold.

The judgment is *reversed* and the cause *remanded* for proceedings consistent with the views herein expressed.