**No. 43889.**—Protest 806582–G/84226 of Rosenbaum Brothers (Chicago).

Keefe, Judge: In this suit the plaintiffs seek to recover certain customs duties alleged to have been illegally assessed at Chicago, Ill., upon an importation of Polish rye.   Upon examination by the officials of the Department of Agriculture the rye was found to be in a filthy condition and contaminated with excreta. A detention order was issued by said Department after delivery had been made to the importer, but permission to clean the rye under customs supervision was granted.   After the cleaning process the visible excreta and refuse obtained was burned or destroyed under customs supervision.   However, there was also a considerable loss in the weight of the rye caused by drying and by the disappearance in the air of dust, chaff, and particles of excreta.   The collector made a refund of that portion of the duty exacted upon entry for the visible excreta and refuse destroyed under customs supervision.   No allowance was made, however, for that portion of the imported quantity that was lost in the air.   The importer claims that allowance also should have been made for the loss in weight caused by the drying of the rye and the disappearance in the air of dust, chaff, and particles of excreta, or, in other words, for all of the loss in weight caused by the cleaning process.

At the trial all of the papers in the case were admitted in evidence by consent. The record in the case of *Rosenbaum Grain Corporation and Rosenbaum Brothers, A Corporation,* v. *United States,* 26 C. C. P. A. 202, C. A. D. 18, was incorporated with and made a part of the record herein.   No further evidence was introduced.

The importer seeks to establish by means of a computation made from the entry papers the amount of the various losses that are included in the so-called invisible loss. To that end he pointed out that as liquidated there were 293,397 bushels of rye; that the screenings, etc., destroyed under customs supervision were 1,637 bushels and that duty was paid upon 291,760 bushels. That as the grain contained 16.38 percent of moisture and was dried down to 12 percent, the amount of loss due to the drying process was 12,479 bushels. That as there were only 266,940 bushels of rye released for consumption, the loss caused by the removal of chaff, excreta, dirt, and other extraneous matter which disappeared in the air amounted to 12,341 bushels.

The plaintiffs specifically contend here that the amount lost in the air during the cleaning process is a nonimportation and never entered the commerce of the United States.

The Government contends that the decision rendered by our appellate court is *stare decisis* of the issue herein.

In the *Rosenbaum Grain* case, *supra,* the court stated, as follows:

\* \* \* There is no definite testimony as to the respective amounts of loss due to evaporation, dust, chaff, excreta, etc., other than the amount of excreta actually recovered in the cleaning process.

\*        \*        \*        \*        \*        \*        \*

We cannot agree with the contention of appellants that all of the loss resulting from the cleaning and drying of the rye should be considered as a nonimportation.

\*        \*        \*        \*        \*        \*        \*

There is no evidence in the record from which it can be ascertained what proportion of the loss was due to dust, to excreta, or to screenings, etc., which could not be preserved for destruction under customs supervision. While the entire loss is established, and the quantity of excreta, etc., destroyed under customs supervision is also established, the difference between these two amounts is shown only as consisting of loss through moisture, dust, excreta, etc., which passed off in the air in the cleaning and drying processes, and necessarily the separate amounts of each could not be determined. This is termed in the evidence as an "invisible loss."

\*        \*        \*        \*        \*        \*        \*

While we regard it as unnecessary to our decision herein we think it proper to observe that, so far as the record discloses, *the so-called "invisible loss," insofar as it consisted of dust, chaff, etc., was properly a part of the dutiable weight of the rye, for it does not appear that the same was in excess of the usual amount found in such merchandise.* At any rate, it does appear that *it was the presence of excreta which caused the issuance of the detention orders, and there is no evidence in the record as to what part of the "invisible loss" constituted such excreta.* [Italics out quoted.]

In our opinion it is clear from the foregoing excerpts of the court's decision that no allowance could be made for excessive moisture, or for dust, chaff, etc., as it is properly a part of the dutiable weight of the rye. The opinion of the court infers, however, that an allowance could have been made for that part of the excreta that was lost in the air providing a showing had been made establishing what proportion thereof was contained in the invisible loss. In the record before us that proportion of invisible loss attributed to particles of excreta still remains unsolved. We have nothing before us herein that was not considered by the court in the incorporated record.

The courts have held that, where an appellate court has passed upon a question arising on appeal from a trial raised a second time, especially by the same litigant, without any change in the evidence, it is incumbent on the court to follow that decision under the doctrine of *stare decisis.* See *Burstein & Sussman* v. *United States,* 16 Ct. Cust. Appls. 282, T. D. 42871; *Gerstenzang & Co.* v. *United States,* T. D. 43999; and *Causse Manufacturing Co.* v. *United States,* T. D. 26368.

Following the decision in the case of *Rosenbaum Grain Corporation et al.* v. *United States, supra,* judgment will be rendered in favor of the Government.