R. J. SAUNDERS & Co., INC. *v.* UNITED STATES   (No. 5233)*

United States Court of Customs and Patent Appeals,
December 15, 1966**

*Jordan & Klingaman (Edward F. Jordan,* of counsel) for appellant.
*John W. Douglas,* Assistant Attorney General, *Andrew P. Vance,* Chief, Customs Section, *Arthur E. Schwimmer* for the United States.

[Oral argument November 8, 1966 by Mr. Jordan and Mr. Schwimmer]

Before WORLEY, Chief Judge, RICH, SMITH, ALMOND, Associate Judges, and WILLIAM H. KIRKPATRICK***

RICH, Judge, delivered the opinion of the court:

This appeal, from the judgment of the United States Customs Court, Second Division, 55 Cust. Ct. 459, Abstract 69590, involves the identical parties, merchandise and issues as those in *R. J. Saunders & Co.* v. *United States,* 49 CCPA 87, C.A.D. 801, decided May 4, 1962. The record in that case, consisting of a stipulation of three paragraphs and exhibits, has been incorporated herein to the extent of the first two paragraphs of the stipulation and the exhibits. The only new evidence is the testimony of one witness, Jan H. Poletiek, and additional Exhibit 2, on the basis of which appellant reargues its case, asking a decision contrary to that previously rendered.

The imported merchandise is "Norelco" electric dry shavers, imported from Holland by North American Philips Co. They were classified under paragraph 353, Tariff Act of 1930 as modified by T.D. 52739, "Articles having as an essential feature an electric element or device," etc. The importer claims classification under paragraph 358 of the same act as "Safety Razors." In the prior case we affirmed the judgment of the Customs Court that electric shavers are not safety razors within the intent of the act.

*C.A.D. 898.
**Petition for rehearing denied March 9, 1967.
***Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

The Customs Court herein found that

The added testimony of the witness adds nothing materially different to the record in C.A.D. 801, *supra*, and a departure from the decision there would be unwarranted.

Deeming our decision in the prior case to be controlling, it overruled the protest.

On appeal here the importer substantially reargues all the issues which we previously considered and asks us to reverse ourselves. The principle of *stare decisis* dictates that we should not do so unless clear error in our prior decision has been demonstrated. *Burstein & Sussman* v. *United States*, 16 Ct. Cust. Appls. 282, T.D. 42871; *United States* v. *Mercantil Distribuidora, S.A.*, 45 CCPA 20, C.A.D. 667; *United States* v. *Olcott, Inc.*, 47 CCPA 100, C.A.D. 737.

We have considered the new testimony and the arguments but find the testimony to be primarily an amplified description of the construction and operation of the electric shaver, adding nothing to our previous understanding of it from the same sample we examined before. The new exhibit is merely an enlarged model of the cutter and guard to illustrate the operation of the shaver. We agree with the Customs Court's appraisal of the testimony. Appellant's arguments do not persuade us that we committed any clear error, of fact or law, in our prior decision.

The judgment of the Customs Court is *affirmed*.