(C.D. 4173)

Hurricane Import Co.
Wheeler & Miller  } *v.* United States

United States Customs Court, First Division

(Decided February 4, 1971)

*Glad & Tuttle* (*George R. Tuttle, Jr.*, and *Hudson F. Edwards* of counsel) for the plaintiffs.

*L. Patrick Gray, III*, Assistant Attorney General (*Brian S. Goldstein* and *Urban S. Mulvehill*, trial attorneys), for the defendant.

Before WATSON and MALETZ, Judges, and WILSON, Senior Judge

WILSON, Judge: The involved merchandise is described on the invoices as partly finished rattan chair frames. Upon importation, they lacked cushions which would enable them to be used. They were exported from Hong Kong and were entered at San Francisco on December 3, 1959 in entry No. 20904 and on February 16, 1960 in entry No. 30400.

The merchandise was classified under paragraph 409, Tariff Act of 1930, as modified by T.D. 54108, which reads as follows:

> "Furniture wholly or in chief value of rattan, reed, bamboo, osier or willow, malacca, grass, seagrass, or fiber of any kind_____ 25½% ad val."

The importer claims the merchandise is dutiable under paragraph 412, Tariff Act of 1930, as modified by T.D. 54108, which reads as follows:

> "Furniture, wholly or partly finished, and parts thereof, wholly or in chief value of wood, and not specially provided for:
> Chairs _____ 17% ad val."

At the trial of the instant case, the record in protest 61/12245 of *Hurricane Import Co., Wheeler & Miller* v. *United States*, 58 Cust. Ct. 541, C.D. 3046 (1967), was incorporated herein. In that case, this court stated at page 549:

> "So, too, in the case at bar, we are of the opinion that it would be improper and contrary to the legislative intent to read into paragraph 409 here in question the language 'unfinished' or 'partly finished.' The involved merchandise is properly embraced within the provisions of paragraph 412 of the tariff act for 'partly finished' furniture, wholly or in chief value of wood. * * *"

And at page 550:

> "* * * Accordingly, it would appear that the omission of the proposed language 'wholly or partly finished and parts thereof' from paragraph 409 as finally enacted indicates, in our opinion, a congressional intent not to provide for 'partly finished' furniture (or parts thereof) in paragraph 409 of the Tariff Act of 1930."

In the case at bar, the composite testimony of seven well qualified witnesses for the plaintiffs is to the effect that the involved chair frames were imported *without* cushions; that cushions therefor are manufactured in the United States and that it was necessary to supply after importation, a designed "specially made type of cushion based on the size of the cushion, the compression of the fill, in order to make it a comfortable, complete selling unit" (R. 12); that the chair frames are unfinished in their condition as imported, and are not the proper height or proper dimension to sit in without the cushion; that as imported the frames are a component part of the chairs and are furniture parts within the trade definition and understanding; that the imported chair frames are not sold without a cushion, and are not used without a cushion (R. 12, 22, 34, 35, 53, 74, 77, 78, 95, 97, 105, 109, 111, 117, 118, 120, 121, 125, 133, 135, 137, 157); that exhibits 2 and 4 here involved are not furniture within the meaning of furni-

ture as articles of convenience or decoration used to furnish a house, apartment, place of business or accommodation (R. 187).

One witness for the defendant testified but his testimony in effect supports the testimony of plaintiffs' seven witnesses in the instant case.

The defendant in the case presently being considered, through its duly authorized counsel, on April 20, 1970, filed with the court the following document which was "APPROVED" by Judge Edward D. Re:

### "REQUEST

"The United States, defendant, hereby requests that it be relieved from filing a brief herein. This request is being made in view of the record made herein and the plaintiffs' claim that the imported merchandise is dutiable under Paragraph 412 of the Tariff Act of 1930, as modified by T.D. 54108, as furniture, wholly or partly finished, wholly or in chief value of wood, which claim we agree is correct. The record as made herein, indicates that the issues of fact and law are controlled by the decision in *Hurricane Importing Co., Wheeler & Miller* v. *United States*, 58 Cust. Ct. 541, C.D. 3046 (1967).

Respectfully submitted,

WILLIAM D. RUCKELSHAUS,
*Assistant Attorney General.*

ANDREW P. VANCE,
*Chief, Customs Section.*

URBAN S. MULVEHILL,
*Civil Division, Dept. of Justice,*
*Attorneys for Defendant.*

APPROVED:
EDWARD D. RE"
Judge

The above "REQUEST" is the equivalent of a "Confession of Judgment" by the Government. It is as acceptable as a stipulation of facts by counsel in the absence of fraud or other circumstances which would warrant a disregardance thereof. *Salomon & Co.* v. *United States*, 7 Ct. Cust. Appls. 5, T.D. 36255 (1916); *United States* v. *Zucca & Co.*, 11 Ct. Cust. Appls. 167, T.D. 38959 (1921).

The holdings in the *Salomon* and *Zucca* cases, *supra*, are equally applicable with regard to the stipulation intended by the Government in its "REQUEST."

The court perceives no reason upon consideration of the entire record to hold otherwise than it held in the incorporated case of *Hurricane Import Co., Wheeler & Miller*, 58 Cust. Ct. 551, to wit:

"* * * we are of opinion and hold that the involved merchandise is properly dutiable under paragraph 412 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108, at the rate of 17 per centum ad valorem under the provisions therein for 'Furniture, wholly or partly finished, and parts thereof, wholly or in chief value of wood, and not specially provided for: Chairs,' as claimed."

This conclusion is also supported upon the theory of *stare decisis* as the defendant acquiesces in its "REQUEST" that the imported and involved merchandise is furniture, wholly or partly finished, wholly or in chief value of wood, and that the issues of fact and law are controlled by the decision in *Hurricane Import Co., Wheeler & Miller* v. *United States*, 58 Cust. Ct. 541, C.D. 3046 (1967). See *Burstein & Sussman* v. *United States*, 16 Ct. Cust. Appls. 282, T.D. 42871 (1928); *Sol Raphael* v. *United States*, 23 CCPA 253, T.D. 48110 (1936); *United States* v. *Sheep Shearers Mdse. & Comm. Co.*, 23 CCPA 146, T.D. 48009 (1935); *Del Gaizo Distributing Corp., Mennella Bros., Inc.* v. *United States*, 24 CCPA 64, T.D. 48376 (1936); *United States* v. *Mercantil Distribuidora, S.A., Empacadora Trevino, S.A., The Tupman Thurlow Co., Inc.* 45 CCPA 20, C.A.D. 667 (1957); *R. J. Saunders & Co., Inc.* v. *United States*, 45 CCPA 87, C.A.D. 678 (1958); *Concord Watch Co., Inc.* v. *United States*, 46 CCPA 87, C.A.D. 703 (1959); *Manca, Inc.* v. *United States*, 47 CCPA 103, C.A.D. 738 (1960); *H. W. Robinson Air Freight Corp.* v. *United States*, 48 CCPA 148, C.A.D. 782 (1961); *Herman D. Steel Co.* v. *United States*, 49 CCPA 30, C.A.D. 790 (1962).

We therefore hold that the imported rattan chair frames are subject to duty at the rate of 17 per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, T.D. 54108.

Judgment will therefore be rendered sustaining the plaintiffs' protest.